UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREN SARVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF BAKERSFIELD,<br><br>　　　　　Defendant. | Case No.: 1:14-cv-00141- JLT<br><br>ORDER GRANTING COUNSELS' MOTION TO WITHDRAW AS ATTORNEYS OF RECORD<br><br>(Doc. 15) |

On July 11, 2014, attorneys Mark Adams and John Briscoe from the Law Office of Mayall Hurley, P.C., filed a motion to withdraw as attorneys of record for Plaintiff Bren Sarver. (Doc. 15.) For the following reasons, the motion to withdraw is **GRANTED**.

**I.　　Procedural History**

Plaintiff initiated this action by filing his complaint on February 3, 2014, asserting the City of Bakersfield ("the City") is liable for disability discrimination; failure to engage in the interactive process; retaliation for, and interference with, his taking protected medical leave; retaliation for Plaintiff's opposition to unlawful conduct; and failure to prevent discrimination and retaliation. (*See generally* Doc. 1.) The City filed its answer to the complaint on February 28, 2014. (Doc. 6.) The Court entered its Scheduling Order on May 19, 2014, setting the deadline for non-expert discovery as March 3, 2015, and the completion of expert discovery as April 22, 2015. (Doc. 9 at 1.) Further, the trial date was set for November 17, 2015. (*Id.*)

On December 3, 2014, Plaintiff's counsel filed the motion now pending before the Court, seeking to withdraw as counsel. (Doc. 15.) To date, neither Plaintiff nor the City has opposed the motion to withdraw. In addition, the City has stipulated to the extension of discovery deadlines and the continuance of the trial date. (Doc. 16-3 at 2-3.)

## II.      Discussion and Analysis

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit." LR 182*; see also Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 989141, at *1 (E.D. Cal. Jan. 14, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Id.*, 2009 WL 989141, at *1-2.

Here, Mark Adams and John Briscoe assert they are unable to continue to representation because there is "an irreparable conflict of interest between . . . counsel and Plaintiff that renders effective representation impossible." (Doc. 17 at 2.) According to Mr. Briscoe, he sent a letter to Plaintiff on November 14, 2014, "suggesting that he obtain a new attorney immediately." (Doc. 16 at 2, Briscoe Decl. ¶ 2.) In addition, Mr. Briscoe sent a "Consent to Substitution form" to Plaintiff on November 17, 2014, requesting that "Plaintiff and his new attorney execute and return the form." (*Id.*,

¶ 3.) Plaintiff did not respond to either letter, and his counsel "received no indication that Plaintiff has obtained new counsel or attempted to do so." (*Id.*, ¶ 4.) The declaration and proof of service indicate clearly that all parties, including Plaintiff, were served with the documents required by the California Rules. Plaintiff did not file any opposition the motion, thereby indicating his consent to the withdrawal. Further, Plaintiff failed to appear at the hearing on the motion to withdraw. As a result, there is no indication Plaintiff seeks to continue to prosecute this action.

### III.   Conclusion and Order

Mark Adams and John Briscoe followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as Plaintiff's attorneys, and set forth sufficient reasons for the withdrawal. Therefore, the Court is acting within its discretion to grant the motion to withdraw. See LR 182.

Accordingly, **IT IS HEREBY ORDERED**:

1. The motion to withdraw is **GRANTED** and Mark Adams, John Briscoe and the Law Office of Mayall Hurley, P.C. are relieved from representation in this matter;

2. The Clerk's Office **SHALL TERMINATE** Mark Adams and John Briscoe as "Lead Attorneys to be Noticed" for Plaintiff in the Court docket, and update the docket to reflect Plaintiff now appearing pro se and his last known contact information as follows:

   > Bren Sarver
   > 3313 Herndon Street
   > Bakersfield, CA 93312

3. Plaintiff is **ORDERED** to show cause in writing within 21 days of the date of service of this order, why the action should not be dismissed for his failure to prosecute this action. **Failure to comply with this order will result in the matter being dismissed pursuant to Local Rule 110;**

///
///
///
///

4. The request to modify the deadlines set forth in the scheduling order is deferred until the Court can determine whether Plaintiff intends to prosecute this action.

IT IS SO ORDERED.

Dated: **January 9, 2015**                     **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE