UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREN SARVER,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY OF BAKERSFIELD,<br><br>    Defendant. | Case No.: 1:14-cv-00141 - JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL<br><br>ORDER GRANTING DEFENDANT'S REQUEST TO AMEND THE SCHEDULING ORDER |

    The City of Bakersfield seeks to compel Plaintiff Bren Sarver to respond to its written discovery requests and submit to a deposition. In addition, the City seeks attorney fees related to the filing of this motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Doc. 27.) In response, Plaintiff asserts he will "make every effort" to respond to the requests. (Doc. 28 at 2.) For the reasons set forth below, Defendant's motion to compel discovery, for sanctions and to amend the Scheduling Order is **GRANTED**.

**I.    Relevant Factual and Procedural History**

    Plaintiff initiated this action by filing his complaint on February 3, 2014, asserting the City is liable for disability discrimination; failure to engage in the interactive process; retaliation for, and interference with, his taking protected medical leave; retaliation for Plaintiff's opposition to unlawful conduct; and failure to prevent discrimination and retaliation. (*See generally* Doc. 1.) The Court entered its Scheduling Order on May 19, 2014, setting the deadline for non-expert discovery as March

3, 2015, and the completion of expert discovery as April 22, 2015.  (Doc. 9 at 1.)

On January 9, 2015, the Court granted the request by Plaintiff's counsel to withdraw from their representation.  (Doc. 23.)  The Court ordered Plaintiff to show cause why the matter should not be dismissed for his failure to prosecute.  In response, Plaintiff filed a letter disputing that he had failed to maintain contact with his lawyers and reporting he intended to prosecute the action.  (Doc. 24.)  The Court informed Plaintiff that if he elected to proceed *pro se* in this action, he must "take all necessary steps to prosecute this case."  (Doc. 25 at 2.)

On March 9, 2015, the City filed the motion pending before the Court, asserting Plaintiff failed to respond to its written discovery requests or appear for deposition.  (Doc. 28.)

## II.     Scope of Discovery and Requests

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence.  Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

### A.     Interrogatories

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b).  Fed. R. Civ. P. 33(a).  A responding party must respond to the fullest extent possible, and any objections must be stated with specificity.  Fed. R. Civ. P. 33(b)(3)-(4).  In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21,

2007)). Any grounds of an objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4); *see also Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D. N.Y. 2000) (objection that interrogatories were "burdensome" overruled for failure to "particularize" the basis for objection); *Mitchell v. AMTRAK*, 208 F.R.D. 455, 458 at n.4 (D.D.C. 2002) (objections must explain how an interrogatory is overbroad or unduly burdensome).

B.      Requests for Production of Documents

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and identifies the manner in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W.Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a respondent of average intelligence would know what items to produce").

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified.[1] Fed. R. Civ. P. 34(a). In the alternative, a party may state an objection to a request, including reasons to support the objection. Fed. R. Civ. P. 34(b)(2)(A)-(B). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)).

C.      Requests for Admission

"A party may serve on any other party a written request to admit, for purposes of the pending

---

[1] Actual possession, custody or control is not required. *See Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995) ("A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document").

action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). If the responding party fails to serve a written answer or objection within forty-five days, the matter is admitted. Fed. R. Civ. P. 36(a)(3). Significantly, Rule 36(a)(3) "is self-executing" and no motion is needed to deem the matters admitted. *Smith v. Pac. Bell Tel. Co., Inc.*, 662 F.Supp.2d 1199, 1229 (E.D. Cal. 2009); *Foster v. Enenmoh*, 2012 U.S. Dist. LEXIS 96933, 2012 WL 2872769 (E.D. Cal., July 12, 2012).

D.  Depositions

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, "[a] party may, by oral questions, depose any person, including a party, without leave of court" by issuing a subpoena for the testimony. "A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to ... attend and proceed with the deposition." Fed. R. Civ. P. 30(g)(1). Further, sanctions may be imposed "on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

### III.  Discussion and Analysis

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Here, the City asserts Plaintiff has failed to respond to the interrogatories, requests for production, and requests for admission propounded by the City. (Doc. 27-1 at 7-9.) According to the City, Plaintiff requested two extensions of time to respond to the discovery requests, and had "a total of 107 days to respond," yet failed to do so. (*Id.* at 7.) Further, "[d]espite being served with a Notice to Appear for his deposition, Plaintiff . . . failed to appear for his deposition on February 23, 2015." (*Id.* at 5.)

Plaintiff does not dispute that he failed to respond to the written discovery requests or that he failed to appear for the deposition. (Doc. 28.) He agrees to respond to the discovery and to be deposed. (*Id.* at 2-3.) Despite this agreement, he repeatedly refuses to do so. Thus, given Plaintiff's complete failure to respond to the discovery requests and his failure appear at his properly noticed

4

deposition, the City's motion to compel discovery is **GRANTED**.

### IV.     Monetary Sanctions

Defendant requests an award of attorney fees and costs in the amount of $1,602.21 against Plaintiff for the expenses in connection with the motion.  (Doc. 27-1 at 9-10.)  A party propounding discovery is entitled to an award of attorney fees incurred as a result of the opposing party's failure to cooperate in discovery.  When a motion to compel discovery is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  However, a court must not order payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust."  *Id.*  Likewise, under Fed. R. Civ. P. 37(d) when a party fails to appear for his own deposition, the Court may award in addition to or instead of the costs set forth in Fed. R. Civ. P. 37(a)(5)(A), the Court *must* award "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Here, there is evidence that Defendant attempted to obtain the requested discovery without Court action.  John Szewczyk, Defendant's counsel, sent Plaintiff a letter after the deadline passed, "concerning the failure to Plaintiff to respond to the written discovery requests."  (Doc. 27-1 at 4.)  In the letter dated February 4, 2015, Mr. Szewczyk informed Plaintiff that the City's "recourse is to file a motion to compel with the Court and seek appropriate sanctions," including "attorney's fees for having to bring the motion. . ."  (Doc. 27-2 at 47-48.)  Mr. Szewczyk told Plaintiff that he had "one last chance to serve full and complete written responses" before filing a motion.  (*Id.*)  Therefore, Plaintiff was warned his failure to respond would result in the filing of a motion.  Nevertheless, Plaintiff failed to respond and failed to appear for deposition and there is no evidence that the failure was substantially justified, or any other circumstances make an award of expenses unjust.  Thus, the Court **ORDERS** Plaintiff to reimburse Defendants $1,602.21.

///

## V. Request to Amend the Scheduling Order

Defendant asserts that the Scheduling Order should be amended to allow "additional time to undertake[] and complete additional discovery in this case." (Doc. 27-1 at 10.) Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.* Once entered by the Court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (*quoting Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). A party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

Notably, Plaintiff's resistance to discovery could not have been anticipated by Defendant at the time the case was scheduled because at that time, Plaintiff was represented by counsel who was reasonably expected to comply with discovery and to expedite it. Moreover, Defendants will be significantly prejudiced if they are not permitted to conduct basic discovery due to Plaintiff's failure to cooperate in this effort.

## VI.     Conclusion and Order

Plaintiff has failed to respond to Defendant's discovery requests and to appear for his deposition. This motion was necessitated by Plaintiff's conduct unwillingness to provide responses. Therefore, Plaintiff shall pay reasonable expenses incurred in making the motion.

Plaintiff is reminded that failure to comply with a Court order may result in the imposition of sanctions, including dismissal of the action. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (same).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's motion to compel discovery is **GRANTED**;
2. Plaintiff **SHALL** respond to Defendant's interrogatories and requests for production **no later than 4/17/15**;
3. Plaintiff **SHALL** appear for his deposition on **5/13/15 at 9:00 a.m. at the offices of Clifford & Brown, 1430 Truxtun Avenue, Suite 900** and to cooperate fully in the deposition process;
4. The requests for admissions are **DEEMED ADMITTED**;
5. Defendant's motion monetary sanctions is **GRANTED** in the amount of $1,602.21;
6. Defendant's request to amend the Scheduling Order is **GRANTED** as follows:
    a. all non-expert discovery SHALL be completed no later than **7/17/15**;
    b. all expert discovery SHALL be completed no later than **9/18/15**;
    c. all experts SHALL be disclosed no later than **7/13/15** and rebuttal experts SHALL be disclosed no later than **8/21/15**;
    d. any non-dispositive motions SHALL be filed no later than **10/9/15** and heard

7

no later than **11/6/15**;

e. any dispositive motion SHALL be filed no later than **11/20/15** and heard no later than **1/5/16**;

f. the pretrial conference is set on **1/27/16** at 10:00 a.m.;

g. the trial is set on **3/15/16** at 8:30 a.m.;

h. based upon the posture of the case, the settlement conference set on **5/7/15** is **VACATED**. The parties may file a joint request for the settlement conference to be re-set if they agree the case is in a settlement posture.

**<u>Pursuant to Local Rule 110, Plaintiff is advised that his failure to comply with this order may result in the imposition of sanctions, up to and including, dismissal of the matter</u>.**

IT IS SO ORDERED.

Dated:   **March 27, 2015**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE